```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
RICO J. VENDETTI,             :
                              :
          Petitioner,         :    Civ. No. 21-5193 (NLH)
                              :
     v.                       :    OPINION
                              :
                              :
DAVID E. ORTIZ,               :
                              :
          Respondent.         :
_____:
```

APPEARANCES:

Rico J. Vendetti
20484-055
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    Petitioner pro se

HILLMAN, District Judge

    Petitioner Rico J. Vendetti filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging an ongoing failure by the Bureau of Prisons ("BOP") to properly address and contain COVID-19 and its emerging variants at FCI Fort Dix. ECF No. 1. He also moves to amend the petition to include claims that the lockdown imposed has restricted his ability to participate in programs and services that would earn him good time credits. ECF No. 6.

Petitioner states "the COVID-19 virus is an element that adds too great a burden to the Petitioner's sentence that warrants a further review under the factors set forth in [18 U.S.C.] § 3553.  Further, the Court should consider the chilling effect of the conditions of confinement protected by the Eighth Amendment of the U.S. Constitution."  ECF No. 1 at 9.  This Court lacks the authority to modify Petitioner's sentence under § 3553 as that section is reserved for action by the sentencing court.[1]  Therefore, the Court considers whether Petitioner's allegations of Eighth Amendment violations support jurisdiction under § 2241.

Section 2241 states in relevant part that "[t]he writ of habeas corpus shall not extend to a prisoner unless [h]e is in custody under or by color of the authority of the United States or . . . [h]e is custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(1), (3).  Neither the Supreme Court nor the Third Circuit have issued a precedential decision regarding convicted and sentenced federal prisoners' ability to seek release via a writ of habeas corpus due to unconstitutional conditions of

---

[1] Petitioner received a 240-month sentence from the United States District Court for the Western District of New York.  United States v. Vendetti, No. 10-cr-0360 (W.D.N.Y. May 9, 2016) (ECF No. 591).  The sentencing court denied his motion for compassionate release.  Id. (Feb. 2, 2021) (ECF No. 734).

confinement.  The Third Circuit has permitted civil immigration detainees to challenge the constitutionality of their conditions of confinement in a habeas petition under § 2241 based on the extraordinary circumstances of the COVID-19 pandemic.  Hope v. Warden York Cty. Prison, 972 F.3d 310, 324 (3d Cir. 2020).  However, it declined to decide in Hope "whether a § 2241 claim may be asserted in less serious circumstances."  Id. at 325 n.5.

After considering relevant Supreme Court and Third Circuit precedent, this Court concluded that convicted federal prisoners are not automatically barred from filing § 2241 petitions challenging their conditions of confinement, but they may do so only in extremely limited circumstances.  Whiteside v. Fort Dix Fed. Prison, No. 20-5544, 2021 WL 2935363 (D.N.J. July 13, 2021) (citing Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); Hope, 972 F.3d 310).  "As the Supreme Court has instructed: 'habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate.'"  Hope, 972 F.3d at 324 (quoting Hensley v. Mun. Court, San Jose Milpitas Judicial Dist., 411 U.S. 345, 351 (1973)).  See also Wilson v. Williams, 961 F.3d 829, 838 (6th Cir. 2020) ("Our precedent supports the conclusion that where a petitioner claims

3

that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement."). Petitioner has not shown that such conditions are currently present at FCI Fort Dix.

Petitioner argues social distancing is impossible at Fort Dix and the buildings themselves are "a breeding ground for germs that spread the COVID-19 virus." ECF No. 1 at 10. He also alleges that Fort Dix has not provided the inmates with cleaning supplies, soap, or hand sanitizer. Id. at 10-11. He states the BOP's reopening of prisoner transfers coupled with the emerging variant strains poses serious risks to his health and safety. "The BOP's primary and ongoing failure has been its unwillingness to implement social distancing, despite clear public health guidance that it is necessary to prevent COVID-19 infection." Id. at 13. "Correctional officers move between the Camp and the main facility compounds to this day, potentially spreading the virus between the various areas of the prison." Id. at 18. He also asserts that "studies show mutations in the coronavirus could reduce or even render useless the effectiveness of vaccines against it. Another issue being that vaccines themselves can also drive viral mutations depending on exactly how the shots are deployed and how effective they are." Id. at 27.

4

The Court does not minimize the continuing threat of COVID-19 at Fort Dix and other penal institutions, but the federal courts are courts of limited jurisdiction. The cases cited by Petitioner noting the conditions at Fort Dix were ones deciding motions for compassionate release, not § 2241 habeas petitions. As such, they are of limited persuasive value and do not support jurisdiction under § 2241.

Petitioner admits that the BOP has procedures and protocols for the pandemic, but he did not file a civil rights action seeking injunctive relief.[2] See, e.g., Brown v. Warren, No. 20-7907 (D.N.J. filed June 26, 2020) (class action under 42 U.S.C. § 1983 regarding county jail COVID-19 protocols). His statements that relevant protocols have been "woefully ignored" or "are not remotely followed by staff or inmate orderlies" indicates there is an alternative to an order directing Petitioner's release. ECF No. 1 at 4, 35; see also Goodchild v.

---

[2] In Ziglar v. Abbasi, 137 S. Ct. 1843 (2017) the Supreme Court stated that expanding the remedy announced in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) "is now a 'disfavored' judicial activity." 137 S. Ct. at 1857. However, the Supreme Court also noted that suits seeking only injunctive relief are acceptable alternatives to damages suits and are not subject to the "special factors" analysis set forth in Abbasi. Id. at 1862-63. Moreover, an action seeking injunctive relief for deliberate indifference to a serious medical need is a heartland Bivens claim rather than an extension of such a claim. The Court declines to convert this action into a civil rights complaint due to the differences in procedures and pre-filing requirements under the Prison Litigation Reform Act.

Ortiz, No. 21-790, 2021 WL 3914300, at *15 (D.N.J. Sept. 1, 2021) ("It is clear that Petitioners have alternatives to the extraordinary remedy of releasing convicted prisoners before expiration of their sentences, based solely on their conditions of confinement."). The Court concludes the petition has not alleged the extraordinary circumstances necessary to invoke this Court's habeas jurisdiction.

The Court will deny the motion to amend as futile. ECF No. 6. Petitioner requests to supplement his § 2241 petition with a claim that Fort Dix has discontinued programs at the facility including those the BOP has designated as offering good time credits under the First Step Act. "This goes beyond 'sub-optimal' conditions and results in undue prejudice to the Petitioner's ability to take advantage of legislative incentives to reduce his term of imprisonment." Id. at 3. It is well settled that prisoners do "not have a due process right to rehabilitative programs." Zavalunov v. Fed. Bureau of Prisons, No. 3:19-CV-453, 2020 WL 2036722, at *11 (M.D. Pa. Apr. 28, 2020). Accordingly, this claim is not enough to give this Court jurisdiction that is lacking in the original petition.

Even assuming arguendo that the Court could consider this claim under § 2241, it would be dismissed for Petitioner's failure to exhaust his administrative remedies. "Although there is no statutory exhaustion requirement attached to § 2241, we

6

have consistently applied an exhaustion requirement to claims brought under § 2241." Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000).  It would be futile to amend the petition because Petitioner has not presented this argument to the BOP first.

The Court will deny the motion to amend as futile and will dismiss the petition for lack of jurisdiction.  An appropriate Order will be entered.


Dated: January 11, 2022             s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.