UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
RICO J. VENDETTI,                  :
                                   :
            Petitioner,            :   Civ. No. 21-5193 (NLH)
                                   :
      v.                           :   OPINION
                                   :
                                   :
DAVID E. ORTIZ,                    :
                                   :
            Respondent.            :
_____:

APPEARANCES:

Rico J. Vendetti
20484-055
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    Petitioner pro se

HILLMAN, District Judge

    On January 11, 2022, this Court dismissed Petitioner Rico J. Vendetti's petition for writ of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction.  ECF No. 9.  Petitioner now moves for the Court to recharacterize his habeas petition as a civil rights action for injunctive relief.  ECF No. 10.  The Court will deny the motion without prejudice to Petitioner's ability to file such an action on his own if he chooses.

    Petitioner alleged an ongoing failure by the Bureau of Prisons ("BOP") to properly address and contain COVID-19 and its

emerging variants at FCI Fort Dix, stating "the COVID-19 virus is an element that adds too great a burden to the Petitioner's sentence that warrants a further review under the factors set forth in [18 U.S.C.] § 3553.  Further, the Court should consider the chilling effect of the conditions of confinement protected by the Eighth Amendment of the U.S. Constitution."  ECF No. 1 at 9.

In its opinion dismissing the petition, the Court noted that it lacked jurisdiction to modify Petitioner's sentence under § 3553 as that section is reserved for action by the sentencing court,[1] and the petition did not allege that there was no remedy short of release that would be constitutionally sufficient.  See ECF No. 8 at 3 (citing Hope v. Warden York Cty. Prison, 972 F.3d 310, 324 (3d Cir. 2020)).  See also Olson v. Warden Schuylkill FCI, No. 21-2436, 2022 WL 260060, at *2 (3d Cir. Jan. 27, 2022).  The Court concluded that other remedies short of release, such as a civil rights action seeking injunctive relief, were available to Petitioner.  ECF No. 8 at 4-5.  Accordingly, the petition was dismissed for lack of § 2241 jurisdiction.  ECF No. 9.

---

[1] Petitioner received a 240-month sentence from the United States District Court for the Western District of New York.  United States v. Vendetti, No. 10-cr-0360 (W.D.N.Y. May 9, 2016) (ECF No. 591).  The sentencing court denied his motion for compassionate release.  Id. (Feb. 2, 2021) (ECF No. 734).

Petitioner now asks the Court to recharacterize his § 2241 petition as a civil rights action "under an injunctive relief lens." ECF No. 10 at 1. The Court declines to do so. There are significant differences in the filing requirements for habeas actions and civil rights actions. Prisoners bringing civil actions against government employees and entities must also comply with the Prison Litigation Reform Act ("PLRA") before bringing suit. See 42 U.S.C. § 1997e. The Court will not convert the current action into a civil rights action, but Petitioner may file a new action if he so chooses. The Court makes no findings as to whether Petitioner has otherwise complied with the PLRA.

An appropriate Order will be entered.

Dated: March 3, 2022           s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.